UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEAL DARBY, **Plaintiff,** v. BRIAN HUGHES, et al., **Defendants.** | Case No. 25–cv–12104–ESK–MJS OPINION |

**KIEL, U.S.D.J.**

   **THIS MATTER** comes before the Court on *pro se* plaintiff Jameal Darby's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

   **I.   FACTS AND PROCEDURAL HISTORY**

   Plaintiff brings the Complaint against Mercer County Executive Brian Hughes and various employees of the Mercer County Jail (Jail). (ECF No. 1 p. 5.) Plaintiff alleges that he was confined in the Jail from May 8 to May 31, 2023 while awaiting transfer to Bucks County, Pennsylvania. (*Id.*) At an unspecified point during that time, he was involved in an altercation with other detainees in which he was stabbed in the eye. (*Id.*) He was treated at the hospital for a fractured eye socket and punctured eyeball. (*Id.* p. 9.) Plaintiff states that he has permanently lost vision in that eye. (*Id.*)

Plaintiff asserts defendants Hughes and Jail administrators failed to protect him from the assault and failed to adequately investigate the incident. (*Id.* pp. 3, 4, 7.) He also alleges Jail medical personnel denied him prescribed medicine. (*Id.* p. 8.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

### III. DISCUSSION

#### A.     Policy and Practice Liability

Plaintiff alleges Hughes, Jail Warden Charles Ellis, and Deputy Warden Dr. A. Paris failed to protect him from the May 2023 assault by not implementing policies or practices to "protect vulnerable inmates from danger." (ECF No. 1 pp. 3, 4.) A plaintiff cannot hold a supervisor liable for the actions of his employees solely on a *respondeat superior* theory under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[L]iability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). "[T]o establish a claim against a policymaker under § 1983 a plaintiff must allege ... that the official established or enforced policies and practices directly causing the constitutional violation." *Id.*

Plaintiff advances broad allegations that defendants failed to adopt policies that would have protected him, identifying a variety of supposed deficiencies, including, but not limited to, communication and audio systems, locking mechanisms, staff and inmate circulation, alarms, and segregation policies, yet he provides no concrete support for these assertions. (ECF No. 1 pp. 9, 10, 11.) Rule 8 "requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Conclusory allegations, untethered to specific facts showing how the alleged gaps in policy plausibly caused the harm alleged, fall short of that standard. In their absence, I must dismiss these claims against defendants Hughes, Paris, and Ellis. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Denial of Medical Care

"A prisoner bringing a medical-needs claim must show more than negligence; he must show deliberate indifference to a serious medical need." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal quotation marks omitted). "A failure to provide adequate care that was deliberate, and motivated by non-medical factors is actionable under the Eighth Amendment, but inadequate care that was a result of an error in medical judgment is not." *Id.* (cleaned up). Accordingly, "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *United States ex. rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). Here, it appears that plaintiff alleges the second type of medical-needs claim.

Plaintiff asserts that John and Jane Doe Jail doctors and nurses "failed to provide adequate medical treatment instructed by [the] hospital" when they did not provide him with the "proper medication." (ECF No. 1 pp. 8, 12.) This suggests that the Jail medical staff provided plaintiff with some treatment but did not give him the exact medication that was prescribed to plaintiff at the hospital. However, disagreements over medical judgment or treatment cannot form the basis of an Eighth Amendment claim. Courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). As a result, allegations of medical malpractice or negligent treatment do not rise to constitutional violations. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). Plaintiff must be

able to allege facts that suggest the Jail medical staff did not use their professional judgment in treating him before this claim may proceed.

Therefore, I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Failure to Investigate

Plaintiff further alleges that defendant Gary Britton, the Jail's Chief of Internal Affairs, "failed to initiate an investigation into the" assault on plaintiff. (ECF No. 1 p.13.) "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (internal quotation marks omitted). Furthermore, "because a prisoner has no free-standing constitutional right to an effective grievance process," plaintiff "cannot maintain a constitutional claim against [defendant] based upon his perception that [he] ignored and/or failed to properly investigate [plaintiff's] grievances." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed

amended complaint within 45 days.  An appropriate Order accompanies this Opinion.

           */s/ Edward S. Kiel*
           **EDWARD S. KIEL**
           UNITED STATES DISTRICT JUDGE

Dated: September 10, 2025